# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

JOHN ERWIN CIHA,

        Petitioner,

vs.

JOHN HODGES,

        Respondent.

No. C14-0123-LRR

ORDER

---

This matter is before the court on the petitioner's application for a writ of habeas corpus (docket no. 3), application for appointment of counsel (docket no. 2) and application to proceed in forma pauperis. The petitioner filed those applications on November 17, 2014. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914.

With respect to the application to proceed in forma pauperis, the petitioner asserts, among other things, that he is employed and lives with his wife. He, however, does not indicate that he has any expenses. Further, it is highly unlikely that the petitioner will incur significant costs in light of the nature of habeas corpus proceedings. Accordingly, the petitioner's application to proceed in forma pauperis is denied.

Currently not confined, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of the restrictions on his liberty. *See Partee v. Hopkins*, 35 F.3d 365, 367 n. 4 (8th Cir. 1994) (noting that "federal courts have broadly construed the term "in custody" to include periods of probation, parole and supervised release); *United States v. Tunstall*, 17 F.3d 245, 246 n.3 (8th Cir. 1994) (noting that being paroled is still sufficiently "in custody" to pursue federal habeas corpus relief). The clerk's office is directed to send a copy of the application for a writ of habeas corpus by certified mail to

the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent is directed to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than January 9, 2015.

Lastly, the court concludes that the assistance of counsel is not warranted because the petitioner's claims are not overly complex. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Accordingly, the petitioner's application for appointment of counsel is denied at this time.

**IT IS SO ORDERED.**

**DATED** this 3rd day of December, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA